Franklyn H. CRAFT, Herma Marsden, Harold Ramse, Kenneth Harrod, Mary Kuppinger Jordan, Roger Ward and Gene Neuswanger, on behalf of themselves and all other cabin owners within Custer State Park, Custer County, South Dakota, similarly situated, and the South Dakota Cabin Owners Association, an unincorporated association, Appellees,

v.

Owen WIPF, Robert Ingle, Walter Black, John Cimpl, Harvey Thayer, Robert Reder, David Brost, Neil Bein, Jeremiah Murphy, Richard Meyer and Marlon Thielsen, individually and in their capacity as present or former members of the South Dakota Game, Fish and Parks Commission, and their successors in office; Jack Merwin, individually, and in his capacity as former Secretary, South Dakota Department of Game, Fish and Parks; Jeff Stingley, individually, and in his capacity as Secretary, South Dakota Department of Game, Fish and Parks, and Warren Jackson, individually, and in his capacity as Division Director, Division of Custer State Park, South Dakota Department of Game, Fish and Parks and his successors in office, Appellants.

No. 86–5385.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 23, 1986.

Decided Jan. 26, 1987.

Craig M. Eichstadt, Pierre, S.D., for appellants.

Stephen L. Wilson, Roseville, Minn., Patrick M. Ginsbach, Hot Springs, S.D., for appellees.

Before McMILLIAN, ARNOLD, and BOWMAN, Circuit Judges.

PER CURIAM.

This is a civil rights action. The District Court[1] denied defendants' motion for summary judgment. The District Court's memorandum opinion does not mention qualified immunity; it discusses only abstention arguments and denies the motion on the ground that abstention is not appropriate. Defendants appeal the denial of the motion insofar as it implicitly denies their claim, raised in the summary judgment motion, that they are entitled to qualified immuni-

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

ty. The plaintiffs/appellees filed a motion to dismiss the appeal, arguing that this Court has no jurisdiction because (1) there are disputed issues of fact essential to the determination of the qualified immunity defense, and (2) *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), does not grant immediate appealability on qualified immunity grounds when the relief sought is primarily declaratory and injunctive, rather than monetary. We decide that this Court does have jurisdiction over the appeal, but that the case should be remanded to the district court for a ruling on the qualified immunity issue.

The case is a class action by owners of cabins located in Custer State Park in South Dakota. The plaintiffs/appellees own the cabin buildings, but do not own the land on which they sit. In the 1920s and 1930s the Custer State Park Board encouraged the building of private cabins, and, according to the complaint, promised the original owners that they would get 99–year leases on the sites. In 1966, the legislature changed this policy of encouragement. In 1978, the Game, Fish and Parks Commission (Commission) required all the cabin owners to sign contracts specifically stating that after December 31, 1982, private homes would not be allowed in the park and the permits would not be renewed. In 1984, the Commission dramatically raised the rent charged the cabin owners.

The owners have filed four lawsuits in state court on this matter since 1980. Three of those cases are still on appeal to the South Dakota Supreme Court. That court previously has ruled against the cabin owners, but in so ruling it did not address any constitutional issues. *See Moulton v. State,* 363 N.W.2d 405 (S.D.1985). Plaintiffs/appellees filed this lawsuit under 42 U.S.C. § 1983, alleging violations of their rights to due process and equal protection, and also under 28 U.S.C. §§ 2201 and 2202. They seek declaratory and injunctive relief, and damages as an alternative remedy. Defendants are former and present state officials, sued in both their official and individual capacities. As noted above, the District Court did not address the qualified immunity question, although it clearly was raised in defendants' answer and in their motion for summary judgment.

In *Mitchell v. Forsyth,* the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." 105 S.Ct. at 2817. Prior to the *Mitchell* decision, this Court had held such orders appealable. *See Tubbesing v. Arnold,* 742 F.2d 401, 404 (8th Cir.1984); *Evans v. Dillahunty,* 711 F.2d 828, 830 (8th Cir.1983) (denial of summary judgment on qualified immunity grounds is immediately appealable if the essential facts are not in dispute and the immunity determination is solely a matter of law). The *Mitchell* opinion stressed that qualified immunity is immunity from suit, not merely immunity from liability; it includes the right to avoid pretrial discovery. 105 S.Ct. at 2815–16. The Court found that appeals from denials of qualified immunity claims fall within the "collateral order" exception to the final judgment rule. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 545–47, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949). It found such orders are effectively unreviewable on appeal because once the defendant has had to submit to discovery and trial, he has irretrievably lost his entitlement to be free from lawsuits. The Court also found that the other two parts of the collateral order test are satisfied: such orders conclusively determine the disputed question, and immunity claims generally are conceptually distinct from the merits of the case. 105 S.Ct. at 2816.

Since *Mitchell* was handed down, almost all courts of appeals that have been faced with appeals of pretrial orders on qualified immunity grounds have granted jurisdiction. *See Brown v. Texas A & M University,* 804 F.2d 327, 331–32 (5th Cir.1986); *Chinchello v. Fenton,* 805 F.2d 126, 129–32 (3d Cir.1986); *Bonitz v. Fair,* 804 F.2d 164, 166 (1st Cir.1986); *Kraus v. County of*

*Pierce*, 793 F.2d 1105, 1108 (9th Cir.1986); *LeClair v. Hart*, 800 F.2d 692 (7th Cir. 1986); *Wright v. South Arkansas Regional Health Center, Inc.*, 800 F.2d 199, 202–03 (8th Cir.1986); *White v. Pierce County*, 797 F.2d 812, 814 (9th Cir.1986); *Stevens v. Corbell*, 798 F.2d 120, 121 (5th Cir.1986); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298 & 305–06 (6th Cir.1986); *Huron Valley Hospital v. City of Pontiac*, 792 F.2d 563, 564 (6th Cir.), *cert. denied sub. nom. Walker v. Huron Valley Hospital*, —— U.S. ——, 107 S.Ct. 278, 93 L.Ed.2d 254 (1986); *De Abadia v. Izquierdo Mora*, 792 F.2d 1187, 1190 (1st Cir.1986); *Fernandez v. Leonard*, 784 F.2d 1209, 1211 (1st Cir. 1986); *Jasinski v. Adams*, 781 F.2d 843, 845 (11th Cir.1986); *Flinn v. Gordon*, 775 F.2d 1551, 1552 (11th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1972, 90 L.Ed.2d 656 (1986); *Lojuk v. Johnson*, 770 F.2d 619, 621 (7th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 822, 88 L.Ed.2d 795 (1986); *Ricci v. Key Bancshares of Maine, Inc.*, 768 F.2d 456, 457 (1st Cir.1985).

We are aware of only one case in which a circuit court has refused to take jurisdiction of this particular type of appeal. In *Chicago & North Western Transportation Co. v. Ulery*, 787 F.2d 1239 (8th Cir.1986), this Court dismissed the appeal because all the defendants were private parties who had been sued for allegedly conspiring with government officials. We there took the view that the rationale behind *Mitchell*, protecting public officials from the harassment of lawsuits and trials, is not applicable to private individuals. *Id.* at 1240–41.

In *Group Health Inc. v. Blue Cross Association*, 793 F.2d 491 (2d Cir.1986), in which the district court denied a motion for summary judgment on absolute, rather than qualified, immunity grounds, the court of appeals accepted appellee's arguments that the immunity issue was not separable from the merits and that it was not "solely a question of law" and dismissed the appeal. Appellees in this case make this same "question of law" argument. The argument has been discussed in some of the qualified immunity cases, but has not resulted in dismissal of an appeal.

*See, e.g., Chinchello*, 805 F.2d at 130–32; *Wright*, 800 F.2d at 201–03; *De Abadia*, 792 F.2d at 1195–1204 (Torruella, J., dissenting); *see also Harris v. Deveaux*, 780 F.2d 911, 913–14 (11th Cir.1986) (rejecting argument that denial of absolute immunity is not appealable if questions of fact remain). In *Wright*, this Court specifically held that although the question presented in the case was less clearly "legal" than the question in *Mitchell*, and less clearly separable from the merits, taking jurisdiction of the appeal was "fully consistent with the spirit and purpose of the Supreme Court in [*Mitchell*]." 800 F.2d at 203. The Court went on to say "in terms of the present case, the issue is not whether defendant was improperly motivated *in fact*, but, rather, whether, when all the facts are viewed in the light most favorable to plaintiff, there is any genuine issue, triable to a jury, of improper motivation. There is a sense in which this sort of question is one of 'law'...." *Id.* (emphasis added).

Thus, this Court has not said that *all* denials of qualified immunity will be immediately appealable, no matter how "factual" the question, but it has indicated that *Mitchell* should be interpreted liberally in terms of finding in favor of appealability. Because of the way the *Mitchell* holding is worded ("to the extent that it turns on an issue of law"), the factual/legal dichotomy may appear to be a consideration even in deciding the preliminary issue of appellate jurisdiction. However, the courts have not allowed it to be determinative at that point, even though they seem reluctant to state a rule that all denials of qualified immunity are appealable, no matter how "factual" the question presented may be. *See, e.g., Chinchello*, 805 F.2d at 130–32; *Wright*, 800 F.2d at 203. Once an appellate court has accepted jurisdiction and begins trying to decide the merits of the qualified immunity question, the problem of which facts or alleged facts to use as the basis of decision may become troubling. *See, e.g., Bonitz v. Fair*, 804 F.2d 164 (three separate opinions). However, we believe it best to avoid hinging appealability itself on the degree of

"factualness" of the issues. The Supreme Court "has expressly rejected efforts to reduce the finality requirement of § 1291 to a case-by-case determination of whether a particular ruling should be subject to appeal." *Richardson-Merrell v. Koller*, 472 U.S. 424, 105 S.Ct. 2757, 2765, 86 L.Ed.2d 340 (1985).

Appellees also argue that this court does not have jurisdiction because they are seeking mainly injunctive and declaratory relief rather than damages. In a footnote in *Mitchell*, the Supreme Court "expressed no opinion" on appealability in cases involving claims for injunctive relief. 105 S.Ct. at 2812 n. 5. Our Court has allowed an interlocutory appeal of the denial of a qualified immunity claim when both injunctive and monetary relief were requested. *Tubbesing v. Arnold*, 742 F.2d at 403–04; *accord Brown v. Texas A & M University*, 804 F.2d at 332; *De Abadia*, 792 F.2d at 1188–90; *Kennedy*, 797 F.2d at 305–06. *Contra Bever v. Gilbertson*, 724 F.2d 1083 (4th Cir.), *cert. denied*, 469 U.S. 948, 105 S.Ct. 349, 83 L.Ed.2d 285 (1984).

The District Court in this case simply did not rule on the qualified immunity issue. In *Helton v. Clements*, 787 F.2d 1016 (5th Cir.1986) (per curiam), the Fifth Circuit was faced with a refusal by a district court to rule on a qualified immunity claim. The district court had issued an order saying that it would not rule on any more motions prior to trial. The defendants appealed this refusal to rule on their motion to dismiss. The court of appeals took jurisdiction of the appeal and remanded the case for the district court to consider the motions. We conclude that we should follow the same procedure in this case. In its memorandum opinion, the District Court held only that it would not abstain from hearing the case. It is conceivable that it considered abstention to be the logical first step in deciding the various issues raised in defendants' motion for summary judgment, and that it intended to decide other issues, such as immunity, later. This seems somewhat unlikely, however, given the court's reference to the plaintiffs' day in court and

its direction for discovery to be completed in sixty days. In any event, it is imperative that the District Court now consider the qualified immunity issue and make its ruling thereon.

For the reasons discussed above, we deny the motion to dismiss the appeal, and remand the case to the District Court for a ruling on the qualified immunity issue.