**Larry MOUTRAY, Appellee,**

v.

**Marilyn BUTTS; Darrell Smith; William Armontrout, Warden; Robert Schoenen, Dr.; Michael Grosse, Appellants.**

No. 92–1745.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1992.

Decided Feb. 8, 1993.

James R. McAdams, Jefferson City, MO, argued, for appellants.

David L. Boman, Kansas City, MO, argued (Timothy J. Sear, on the brief), for appellee.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Larry Moutray has been an inmate in the custody of the Missouri Department of Corrections since early 1987. He is a diabetic. In late 1989, in federal court, Mr. Moutray sued several officials of the prison system, alleging that they had been deliberately indifferent to his serious medical needs in relation to providing a diet and medical care that take into account his diabetic condition. The defendants moved for summary judgment, first, on the merits and, second, on the basis of qualified immunity.

The district court referred the motion to a magistrate for consideration. The magis-

trate's report with respect to the motion discussed Mr. Moutray's factual allegations and concluded that a genuine issue of material fact existed on the issue of whether the defendants had provided Mr. Moutray with the diet and medical treatment prescribed for his diabetes. The magistrate recommended, therefore, that the defendants' motion for summary judgment be denied. The defendants filed objections to the magistrate's recommendation, the essence of which was, first, that the defendants were not the individuals who controlled the diet and medical care received by Mr. Moutray; second, that the evidence in the record supported the defendants' position that Mr. Moutray's diet and medical care were adequate, rather than Mr. Moutray's arguments; and, third, that the magistrate had failed to address the issue of qualified immunity. By order filed in early 1992, the district court stated that the magistrate's recommendation was "correct in all respects and should be adopted." Accordingly, the district court denied the defendants' motion for summary judgment.

The defendants appealed the denial of their summary judgment motion, asserting both that the decision on the merits was wrong and that the prison officials were entitled to summary judgment on the basis of qualified immunity. Because we find that we lack jurisdiction to consider this appeal, we remand for further proceedings in the district court.

It is true that a district court order holding that government defendants are not entitled to qualified immunity is immediately appealable as a final order under 28 U.S.C. § 1291. *See, e.g., Mitchell v. Forsyth*, 472 U.S. 511, 526–27, 530, 105 S.Ct. 2806, 2815–16, 2817, 86 L.Ed.2d 411 (1985). The district court's order in this case, however, adopted *in toto* the magistrate's recommendation, which dealt only with the question of whether a genuine issue of material fact existed in relation to the merits of the case. As the defendants noted in their objections, the magistrate's report never addressed the question of qualified immunity. Neither, therefore, did the district court's order.

This court has held in the past that where a summary judgment decision on qualified immunity has been appealed, the merits of the case may also be considered, even though a denial of summary judgment on the merits ordinarily would not be immediately appealable. *See, e.g., Drake v. Scott*, 812 F.2d 395, 397–99 (8th Cir.1987), *cert. denied*, 484 U.S. 965, 108 S.Ct. 455, 98 L.Ed.2d 395 (1987). In this case, however, the order appealed from was not a summary judgment on qualified immunity; the order dealt with summary judgment only as to the merits. We therefore hold that we lack jurisdiction under 28 U.S.C. § 1291 to consider this appeal. Accordingly, we remand to the district court for further proceedings.