Terry SHANNON, Plaintiff–Appellee,

v.

Carl WHITE, Superintendent; Vernon Patrick, Defendants–Appellants.

No. 92–3452.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1993.

Decided May 3, 1993.

Rehearing and Rehearing En Banc Denied June 10, 1993.

Mark M. Tungesvik, Asst. Atty. Gen., Jefferson City, MO, argued, for appellant.

Laura Higgins Tyler, Kansas City, MO, argued, for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Carl White, the Superintendent of the Algoa Correctional Center, and Vernon Patrick, the manager of the clothing factory at Algoa, (collectively referred to as "the prison officials") appeal the district court's refusal to enter summary judgment in their favor in this lawsuit filed by an inmate, Terry Shannon. We dismiss the appeal for lack of jurisdiction.

## I. BACKGROUND

Shannon's lawsuit centers on the prison clothing that he is required to wear. The clothing has been treated with formaldehyde,[1] and Shannon claims the formaldehyde is causing an irritating rash on his skin. Shannon has seen doctors at both the prison and the University of Missouri—Columbia Medical Center, but the cause of his rash has not been determined. He has been given medication for his rash, and though the medication is helpful, it has not totally alleviated Shannon's problem.

Shannon filed suit in November 1990. The officials moved for summary judgment, alleging 1) Shannon failed to state a claim for which relief could be granted, 2) liability under § 1983 cannot be based on respondeat superior, and 3) qualified immunity. The magistrate judge initially recommended that summary judgment be granted because, *inter alia*, there was no indication the officials

were deliberately indifferent to a serious medical need. Upon reconsidering the matter and holding a conference with the parties, the magistrate judge changed his mind. The magistrate judge, in explaining why he was changing his mind, said

> Currently, it appears that defendants are treating the rash with ointment; however, it is not clear that defendants are making any effort to assist plaintiff in determining the cause of the rash. It is fair to say that defendants are aware that plaintiff has a rash of unknown origin. While it may be permissible to ignore a rash's origin for a short time, overlooking the origin of a rash for two to three years seems inappropriate.

*Shannon v. White*, No. 90–4418–CV–C–5, slip op. at 2–3 (W.D.Mo. July 1, 1992) (Magistrate Judge's Order and Supplemental Report and Recommendation). The district court conducted a de novo review of the record and adopted the Magistrate Judge's July 1, 1992 Supplemental Report. In so doing, the district court said

> Defendants claim they are not the proper parties to this lawsuit because they have nothing to do with the medical treatment of plaintiff's rash. Currently, it is not clear what is the cause of plaintiff's rash. Therefore, it is unclear as to who are the proper parties, defendants may or may not be responsible; thus, a dispute of fact does exist and the case is not able to be resolved at this stage through summary judgment.

*Shannon v. White*, No. 90–4418–CV–C–5, slip op. at 1 (W.D.Mo. Sept. 18, 1992). The prison officials have filed an interlocutory appeal from the district court's September 18, 1992 order.

## II. DISCUSSION

 Although interlocutory appeals are generally not allowed, a denial of a claim of qualified immunity is immediately appealable. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). However, when the order appealed from does not decide the issue of qualified immunity,

---

1. Formaldehyde is added to the cloth, apparently before the clothes are made, to help keep the clothes from wrinkling.

this court lacks jurisdiction over the appeal and the appeal must be dismissed. *Moutray v. Butts,* 985 F.2d 426, 427 (8th Cir.1993).

In this case, neither of the magistrate judge's two reports discuss, much less acknowledge, the issue of qualified immunity. Similarly, the district court's order, which adopts the magistrate judge's July 1 report, does not discuss the issue of qualified immunity. We do not fault the magistrate judge or the district judge in this regard; our review of the transcript of the conference held by the magistrate judge reveals that all of the discussion focused upon factual matters unrelated to the issue of qualified immunity. For instance, much of the discussion focused upon speculation as to the cause of Shannon's rash. Shannon introduced the warning labels attached to the fabric and pamphlets published by OSHA warning about the dangers of formaldehyde. The prison officials theorized (without any evidence) that the problem should be diminishing because the clothes had been laundered many times and the amount of formaldehyde in the clothes was decreasing. There was also a lot of discussion about the severity of the rash; indeed, at oral argument the officials' attorney characterized Shannon's condition as "just a rash," as if somehow this automatically entitles the officials to qualified immunity. In short, our review of the record convinces us that the entire discussion in the district court focused upon factual matters and not on the prison officials' entitlement to qualified immunity. This, combined with the lack of any discussion of the issue in the judges' written orders convinces us that the district court has not ruled on the officials' entitlement to qualified immunity.

These features distinguish this case from *Krueger v. Fuhr,* 991 F.2d 435 (8th Cir.1993). There, the issue was not discussed in the district court's opinion, but the district court noted that the summary judgment motion "assert[ed] the defense of qualified immunity, and its opinion then denie[d] the motion without qualification." *Id.* at 438 n. 2. In this case, the district court did not even go that far; consequently, we believe the case at bar is more closely akin to the situation in *Mou-*

*tray,* and therefore the appeal must be dismissed.