16 F.3d 226
 Ed PARTON, Appellee,
v.
John ASHCROFT; Marie Clark; Judy Fahning; Priscilla
Grier; Defendants,
Gary Robben, Appellant.
Leroy Black; Steven J. Judge, Doctor; Dr. Walter T. Judge;
Ted Fertig; Gerald Frey; Larry Trickey; Carolyn V.
Atkins; Victoria C. Myers; Wilbur C. Kirchner; Robert E.
Seckington; Betty Day; Anthony G. Spillers; Bill E.
Duncan; Dick Moore; Dr. Leo Burke; Cranston Mitchell, Defendants.
 No. 93-3616.
 United States Court of Appeals,
Eighth Circuit.
 Decided Jan. 14, 1994.
Order Denying Rehearing and
Suggestion for Rehearing En Banc
Jan. 18, 1994.
 
 Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and MAGILL, Circuit Judge.
 McMILLIAN, Circuit Judge.
 
 
 1
 This is a civil rights action. In January 1984 plaintiff Edward Parton, then a state prison inmate, was assaulted and beaten by other inmates and suffered head injuries which required stitches. His wound later became infected. At that time defendant Dr. Gary Robben was chief medical officer and was responsible for medical care at the Missouri Eastern Correctional Center (MECC). Defendant examined plaintiff's wound and concluded it was "ok." The next day defendant prescribed an antibiotic for plaintiff. Two weeks later the infection had not cleared up, and defendant renewed the antibiotic prescription twice. Two weeks later defendant changed antibiotics. Several weeks later plaintiff was transferred temporarily to the state penitentiary and the medical officer there continued the new antibiotic prescription. Plaintiff then returned to MECC and continued to take the antibiotic. His infection persisted. About two months later plaintiff was again transferred to the state penitentiary; the medical officer there changed the prescription to a third antibiotic. This antibiotic was effective, and plaintiff's infection cleared up and his wound healed.
 
 
 2
 Plaintiff filed a civil rights complaint about his medical care in prison. In his second amended complaint plaintiff alleged that in 1984 defendant was deliberately indifferent to his serious medical needs in violation of the eighth amendment. Defendant filed a motions for summary judgment on the grounds of statute of limitations, res judicata and qualified immunity. The case was referred to a magistrate judge. The magistrate judge set the case for trial on November 1, 1993. On the morning of trial the magistrate judge refused to rule on the motion for summary judgment on the ground of qualified immunity. Defendant immediately filed an interlocutory appeal and a motion for a stay of trial proceedings.
 
 
 3
 On November 1, 1993, in reliance upon certain representations made by defense counsel that the magistrate judge had denied the defense motion for summary judgment on the ground of qualified immunity, this court granted the motion for stay of trial proceedings, retained jurisdiction over the interlocutory appeal, and remanded the case to the magistrate judge for the limited purpose of specifying its reasons for denying the motion for summary judgment on the ground of qualified immunity. By letter dated November 2, 1993, the magistrate judge explained that it could not provide reasons for its ruling because it had not yet ruled on the motion for summary judgment on the ground of qualified immunity and had decided that the motion would be taken with the case. The magistrate judge believed that a determination of the issue of qualified immunity depended upon many of the same facts that would be litigated at trial, in particular a factual determination as to what defendant knew about plaintiff's injury and why he acted as he did in response. The magistrate judge further noted that defendant had not raised the issue of qualified immunity until his second motion for summary judgment and that defense counsel had admitted that discovery had been completed prior to the assertion of qualified immunity. Pre-trial proceedings had already been concluded. The magistrate judge thus determined that trial would be the most judicially efficient way to dispose of the claim.
 
 
 4
 On November 23, 1993, in view of the response from the magistrate judge and the lack of a ruling on the motion for summary judgment on the ground of qualified immunity, this court vacated the stay and dismissed the appeal as premature. We also construed the motion for stay as a petition for writ of mandamus and denied the petition.
 
 
 5
 Defendant has now filed a petition for rehearing with suggestions for rehearing en banc. For the reasons discussed below, we grant the petition for rehearing. Even though the magistrate judge has yet to rule on the motion for summary judgment on the ground of qualified immunity, the magistrate judge's refusal to rule prior to trial is immediately appealable. See Craft v. Wipf, 810 F.2d 170, 173 (8th Cir.1987) (per curiam), citing Helton v. Clements, 787 F.2d 1016 (5th Cir.1986) (per curiam). Like denials of qualified immunity, a refusal to rule on qualified immunity is effectively unreviewable on appeal because once the defendant has had to proceed to trial, he or she has lost the benefit of qualified immunity, that is, the entitlement to be free from suit. Although there are apparently certain factual questions that have yet to be resolved that are relevant to the issue of qualified immunity, "we believe it best to avoid hinging appealability itself on the degree of 'factualness' of the issues." Craft v. Wipf, 810 F.2d at 172-73.
 
 
 6
 Accordingly, we grant the petition for rehearing. We vacate the prior order entered November 23, 1993, and reinstate the appeal. We remand the case to the magistrate judge for a ruling on the issue of qualified immunity.
 
 
 7
 ORDER DENYING PETITION FOR REHEARING AND SUGGESTION FOR
 
 REHEARING EN BANC
 Jan. 18, 1994
 
 8
 The panel's January 14, 1994, order granting rehearing and reinstating Robben's appeal moots Robben's suggestions for rehearing en banc. Robben's suggestions are denied on the ground of mootness.