46 F.3d 39
 James WASHINGTON, Jr., Plaintiff-Appellee
v.
Gregory WILSON, Individually and in his Official Capacity as
Investigator at Potosi Correctional Center, Defendant
Paul K. Delo, Individually and in his Official Capacity as
Superintendent at Potosi Correctional Center; Don
Roper; Beverly Howell; and Richard
Bouchard, Defendants-Appellants
Nancy Hines, Defendant
Donna McCondichie and Philip Banks, Defendants-Appellants
 No. 94-2493.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 16, 1994.
Decided Jan. 25, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied March
24, 1995.*
 
 1
 Paul M. Rauschenbach, Asst. Atty. Gen., St. Louis, MO, argued, for appellants.
 
 
 2
 Jeffrey J. Simon, Kansas City, MO, argued, for appellee.
 
 
 3
 Before BOWMAN and LOKEN, Circuit Judges, and BOGUE,** Senior District Judge.
 
 
 4
 BOGUE, Senior District Judge.
 
 
 5
 Prison officials appeal the district court's partial denial of their motion for summary judgment. For the reasons stated below, we remand this action to the district court for an express determination regarding the issue of defendants' qualified immunity.
 
 I. BACKGROUND
 
 6
 Appellee James Washington is a prisoner at the Potosi Correctional Center (PCC) in Mineral Point, Missouri. During his confinement he was placed in Temporary Administrative Segregation Confinement (TASC) when prison officials suspected he stole caustic medication (wart medicine) from the prison infirmary. He filed the present action against various prison officials under 42 U.S.C. Sec. 1983 alleging that he had a protected liberty interest in remaining in the general prison population which was violated by the named defendants. Specifically, the counts surviving summary judgment involved alleged violations of procedural due process occurring during Washington's confinement in TASC.
 
 
 7
 Appellants defended the action on the merits[1] and additionally asserted that they were entitled to qualified immunity. Both parties moved for summary judgment. The district court denied the appellee's motion in total. Appellants' motion was granted in part and denied in part. The district court found that a "genuine issue of material fact remains on the question of when the investigation should have started in plaintiff's case, thus providing defendants with the information necessary to make plaintiff's constitutionally mandated review of his segregation status meaningful." Washington v. Delo, et al., No. 92CV1883 (E.D.Mo. May 10, 1994) (order on motions for summary judgment). The district court further stated that genuine issues of material fact remained regarding "whether plaintiff had a meaningful thirty-day hearing within a reasonable time after his March 5, 1991 placement on TASC." Id. This partial denial of appellants' motion for summary judgment forms the basis of the present appeal. Importantly, the district court's order made no mention of appellants' qualified immunity.
 
 II. DISCUSSION
 
 8
 The first issue to be addressed is whether this Court has jurisdiction to rule on the merits of the appellants' claim to qualified immunity.[2] The appellee contends that this Court lacks jurisdiction because there is no specific ruling on that issue from the district court. We agree. In Jones v. Coonce, 7 F.3d 1359, 1365 (8th Cir.1993), we held that:
 
 
 9
 When the order appealed from does not decide the issue of qualified immunity, this court lacks jurisdiction to decide it.... Although we determined that we had jurisdiction in Krueger v. Fuhr, 991 F.2d 435, 438 n. 2 (8th Cir.1993), the district court there denied the motion for summary judgment, but at least noted that the qualified immunity defense had been argued. Here, the district court did not discuss the qualified immunity defense as to the inmates' additional claims. As there is no ruling as to qualified immunity on these issues, we have no basis for reaching the merits. We must therefore, remand to the district court for further proceedings.
 
 
 10
 As in Jones, both parties to this appeal agree that the district court's order does not even mention the issue of qualified immunity. In the absence of some reference from the district court on the issue, we lack jurisdiction and must remand for further proceedings.[3] See also, Parton v. Ashcroft, 16 F.3d 226, 228 (8th Cir.1994) (remand appropriate where district court did not rule on the issue of qualified immunity prior to trial).
 
 
 11
 The appellant asserts that our jurisdiction is proper despite the district court's lack of pronouncement on the qualified immunity issue in that the district court's partial denial of appellant's summary judgment motion "effectively denied" the qualified immunity defense. This position has some visceral appeal. In allowing the suit to proceed (by finding genuine issues of material fact to exist), the logical conclusion is that the district court rejected the appellants' qualified immunity arguments. But the law in this Circuit is clear. The issue must at the very least be mentioned by the district court, and preferably reasons affirming or denying qualified immunity should be articulated before this Court has jurisdiction to engage in meaningful review.
 
 
 12
 This case is remanded to the district court which is directed to rule promptly on the issue of qualified immunity.
 
 
 13
 LOKEN, Circuit Judge, concurring.
 
 
 14
 In Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985), the Supreme Court held, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision.' " (Emphasis added.) Here, the district court denied a claim of qualified immunity by ignoring it. In my view, we have jurisdiction to review that denial. In cases where qualified immunity is not clearly warranted, it may be prudent to remand to give the district court a chance to remedy its oversight. But I now believe that our court--including myself when I joined Part III of Jones v. Coonce, 7 F.3d 1359, 1365 (8th Cir.1993)--has gone astray in declaring that we have no jurisdiction to step in where the purposes of qualified immunity will be furthered by its immediate application. Thus, I concur in a remand here only because I am bound by our prior decisions.
 
 
 15
 However, I do not agree with footnote 3 of the court's opinion. Over three years ago, the Supreme Court declared that issues of qualified immunity "ordinarily should be decided by the court long before trial." Hunter v. Bryant, 502 U.S. 224, 228-29, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991). In my view, when defendants move for summary judgment in a case of this type, the first thing the district court should confirm is whether they assert a claim of qualified immunity. If this critical threshold defense has been raised, as it admittedly was here, I think it undermines the doctrine's purpose for us to excuse the district court's neglect because the issue received relatively little emphasis in defendants' summary judgment papers.
 
 
 16
 I also think the court gives the district court too little guidance on remand. When multiple defendants raise a qualified immunity defense, the district court must "examine each of the claims carefully [and] determine who is involved in each claim, to what extent, and whether those officials who were involved are entitled to qualified immunity." Jones v. Coonce, 7 F.3d at 1365. In this case, the district court not only ignored the qualified immunity defense, but it also denied summary judgment on the merits because "[t]he question at hand is whether plaintiff had his thirty-day hearing within a reasonable time," without regard to the role of each defendant in that delay. As I read the undisputed facts of record, the final decision on Mr. Washington's alleged misconduct was delayed because a non-defendant prison investigator neglected to complete an investigation that the defendants thought was in process. Were we writing on a clean jurisdictional slate, I would hold that defendants are entitled to qualified immunity and reverse the denial of summary judgment on this claim. Being bound to join in this jurisdictional remand, I strongly agree that the district court should promptly take up the qualified immunity issue, applying the standards of Jones v. Coonce and other pertinent qualified immunity precedents.
 
 
 
 *
 Bowman, Beam, and Loken, Circuit Judges, would grant the suggestion for rehearing en banc
 
 
 **
 The HONORABLE ANDREW W. BOGUE, Senior United States District Judge for the Western Division of the District of South Dakota, sitting by designation
 
 
 [1]
 The bulk of appellants' summary judgment brief in the district court, as well as their brief to this Court, concentrates on refuting appellee's contention that a protected liberty interest is created in his favor by various Missouri statutes and PCC regulations
 
 
 [2]
 As this issue is dispositive for the purposes of the present appeal, the merits of appellants' qualified immunity defense will not be discussed
 
 
 [3]
 In fairness to the district court it must be noted that while the issue of qualified immunity was raised in appellants' motion for summary judgment and memorandum in support thereof, it certainly was not emphasized. We count three sentences devoted to the topic in appellants' memorandum in support of their summary judgment motion