**Marlon ROBINSON, Plaintiff–Appellee,**

v.

**Ann M. MERICLE; Marilyn Butts; Dell Koonce; Exon; Michael Stianche, Defendants–Appellants.**

**No. 94–3502.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1995.

Decided June 6, 1995.

Barbara H. Frazier, St. Louis, MO, argued, for appellants.

Mary L. Frontczak, St. Louis, MO, argued, for appellee.

Before MAGILL, Circuit Judge, HANSEN, Circuit Judge, and STROM,* Senior District Judge.

PER CURIAM.

Ann Mericle, Marilyn Butts, Dell Koonce, and Charles Exon, M.D. (Appellants), appeal the district court's denial of their motion for summary judgment. For the reasons set forth below, we find that we lack jurisdiction, and remand the case to the district court to determine the issue of qualified immunity present in this case.

■ Appellee Marlon Robinson, a Missouri inmate, filed the present action claiming that the Appellants violated his constitutional right to be free from cruel and unusual punishment in that they were deliberately indifferent to his serious medical needs by

---

* The HONORABLE LYLE E. STROM, United States District Judge for the District of Nebraska, sitting by designation.

failing to provide either medication or physical therapy for his condition of Bell's Palsy. The Appellants subsequently moved for summary judgment, arguing that they were entitled to judgment as a matter of law on the merits of Robinson's claims or, in the alternative, on the basis of qualified immunity. The magistrate judge to whom the case had been referred filed a report and recommendation which recommended granting Appellants' motion for summary judgment on the merits but did not address or mention the issue of Appellants' qualified immunity.

Robinson filed objections to the magistrate's report and recommendation; however, the Appellants did not file any objections based upon the magistrate's failure to address the qualified immunity issue. The district court declined to adopt the magistrate's report and recommendation and denied the motion for summary judgment, finding that issues of material fact remained concerning the nature of the medical treatment Robinson received for his condition of Bell's Palsy. The district court did not rule upon or mention the qualified immunity issue in its order. The Appellants have now appealed to this court, arguing first that they are entitled to judgment on the merits or, in the alternative, that they are entitled to qualified immunity.

We must first determine whether we have jurisdiction to hear this appeal. Robinson contends that we lack jurisdiction because the district court made no reference to the qualified immunity issue in its order denying the Appellants' motion for summary judgment. We agree. In *Jones v. Coonce,* 7 F.3d 1359, 1365 (8th Cir.1993), we stated that:

> When an order appealed from does not decide the issue of qualified immunity, this court lacks jurisdiction to decide it.... Although we determined that we had jurisdiction in *Krueger v. Fuhr,* 991 F.2d 435, 438 n. 2 (8th Cir.1993), the district court there denied the motion for summary judgment, but at least noted that the qualified immunity defense had been argued. Here, the district court did not discuss the

qualified immunity defense as to the inmates' additional claims. As there is no ruling as to qualified immunity on these issues, we have no basis for reaching the merits. We must, therefore, remand to the district court for further proceedings.

We recently reaffirmed the rationale of *Coonce* in *Washington v. Wilson,* 46 F.3d 39, 41 (8th Cir.1995), wherein we stated that "[i]n the absence of some reference from the district court on the issue [of qualified immunity], we lack jurisdiction and must remand for further proceedings."

 In this case, the magistrate judge made no reference to the issue of qualified immunity in his report and recommendation and the district court made no mention of it in its order denying the Appellants' motion for summary judgment. Therefore, we remand this case to the district court with directions to decide the issue of qualified immunity.[1]

---

1. Because we have determined that we lack jurisdiction, we decline to address whether the Appellants are entitled to summary judgment on the merits of Robinson's Eighth Amendment claims or on the issue of qualified immunity.