# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3749

_____

| | | |
|---|---|---|
| Wendell R. Ayers, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Willis Sargent, Warden, Jefferson | * | Eastern District of Arkansas. |
| County Correctional Facility, Arkansas | * | |
| Department of Correction; Tracy | * | |
| Spadoni, Sergeant, Jefferson County | * | [UNPUBLISHED] |
| Correctional Facility, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: May 7, 1998
Filed: July 9, 1998

_____

Before FAGG, BEAM, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Willis Sargent and Tracy Spadoni, defendants in this 42 U.S.C. § 1983 action brought by Arkansas inmate Wendell R. Ayers, appeal the district court's interlocutory order denying their motion for summary judgment. We reverse, in part, and remand for further proceedings.

Ayers brought this action against Sargent, the warden of the Jefferson County Jail and Correctional Facility, and correctional officer Spadoni. In Ayers's complaint--which we construe as asserting claims against defendants in their individual capacities--he alleged he had been severely beaten by a group of inmates, and both defendants failed to protect him.

Proceeding by consent of the parties, the magistrate judge conducted an evidentiary hearing, then appointed counsel and scheduled a jury trial. Thereafter, defendants moved for summary judgment, arguing, as relevant, they were entitled to qualified immunity, and Ayers opposed the motion. The magistrate, referring to his findings following the evidentiary hearing, construed defendants' motion as a request for summary judgment solely as to defendant Sargent. Noting Ayers had asserted that Sargent had been aware of inadequate barracks staffing and threats involving Ayers, the magistrate judge concluded a fact issue remained as to whether Sargent had been deliberately indifferent to Ayers's safety and denied the motion.

Initially, we hold that the magistrate committed error in construing defendants' motion for summary judgment based on qualified immunity as a request for judgment by Sargent alone. See Parton v. Ashcroft, 16 F.3d 226, 227-28 (8th Cir. 1994) (remanding for ruling on issue of qualified immunity where magistrate judge, who had conducted pretrial proceedings, set case for trial, and determined that trial would be judicially efficient way to dispose of claim, refused to rule on summary judgment motion). Accordingly, we express no opinion on the merits of Ayers's claim against Spadoni, and remand for a ruling on Spadoni's summary judgment motion.

As to Sargent, we have jurisdiction to consider de novo whether the district court erred in denying summary judgment. See Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995). "Qualified immunity shields government actors from liability in civil lawsuits when 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Prater v. Dahm, 89 F.3d 538, 540-

41 (8th Cir. 1996) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). In the context of protecting prisoners from violence at the hands of other prisoners, the question of qualified immunity requires a determination as to whether a reasonable official could have believed his actions violated the law, given the information available to him at the time of the attack. See Prater, 89 F.3d at 541.

Ayers argued below that Spadoni's first-hand knowledge of threats made against Ayers could be imputed to Sargent, and also that Sargent had first-hand knowledge through his experiences with another prison facility of the dangers posed by inadequate staffing. Ayers stated there had been only two guards on duty to watch four barracks on the day of his assault, and he attached a copy of a grievance form, which post-dated the assault, wherein he complained about inadequate security in his barracks. Because Ayers provided no evidence from which an inference could be made that Sargent actually knew of the threats against Ayers prior to the assault, or that Sargent somehow failed to train or supervise Spadoni, we conclude Ayers did not establish a basis for imposing liability against Sargent. See Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) (liability under § 1983 cannot attach to supervisor merely because subordinate violated someone's constitutional rights; rather, supervisor can be liable only if he directly participated in constitutional violation, or if his failure to train or supervise offending actor directly caused deprivation). In addition, Ayers presented no evidence of a pervasive or unreasonable risk of harm based on inadequate staffing, see Williams v. Willits, 853 F.2d 586, 588 (8th Cir. 1988), nor did he present evidence that the conditions at the Jefferson County Jail and Correctional Facility were similar to the conditions at the facility with which Sargent was familiar. The district court therefore should have granted Sargent's motion for summary judgment based on qualified immunity. Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.