# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2385

_____

Ben Krein,                     *
                                        *

              Appellee,      *
                                          *

      v.                      *
                                          *

Larry Norris, Director of the Arkansas  *
Department of Correction, individually  *
and in his official capacity; David  *
Guntharp, Deputy Director of the  *
Arkansas Department of Correction,  *
individually and in his official  *
capacity; John Belken, Assistant  *   Appeal from the United States
Warden of the North Central Unit,  *   District Court for the
individually and in his official capacity  *   Eastern District of Arkansas.
(originally sued as John Belkins);  *
Robert Perry, Major, individually and  *
in his official capacity; Bill Killian,  *
Col., individually and in his official  *
capacity; David Beatty, Lieutenant,  *
individually and in his official capacity;  *
Jackie Goggins, Sergeant, individually  *
and in his official capacity; Larry May,  *
Warden of the North Central Unit,  *
Arkansas Department of Correction,  *
individually and in his official capacity;  *
                                          *

            Appellants,     *
                                          *

Susan Jill Miller, Nurse Practitioner,  *
Correctional Medical Services, Inc.,  *

individually and in her official capacity    *
(originally sued as S. Jill Miller);    *
Gerrold Wood, Nurse, Correctional    *
Medical Services, Inc., individually    *
and in his official capacity (originally    *
sued as Glen Woods),    *
   *
         Defendants.    *

_____

Submitted:  February 13, 2001

Filed:  May 22, 2001

_____

Before LOKEN, HEANEY, and, BYE, Circuit Judges.

_____

HEANEY, Circuit Judge.


Larry Norris, Director of the Arkansas Department of Corrections (ADC); David Guntharp, acting Deputy Director of the ADC;  Larry May, Warden of ADC's North Central Unit (Unit); John Belkins, Assistant Warden of the Unit; and security officers Robert Perry; Bill Killian; David Beatty; and Jackie Goggins appeal from the district court's[1] partial denial of summary judgment in their favor in a lawsuit filed by Arkansas inmate Ben Krein.  The sole issue on appeal is whether the district erred in rejecting defendants' qualified immunity defense to Krein's inadequate security claim.  Because

---

[1]The Honorable Susan W. Wright, United States District Court Chief Judge for the Eastern District of Arkansas.

the district court's order adopting the magistrate's[2] report recommending denial of summary judgment on the merits was not a ruling on appellants' qualified immunity defense, we lack jurisdiction under 28 U.S.C. § 1291 to consider this appeal and remand for further proceedings in the district court.

## I. BACKGROUND

This interlocutory appeal stems from a civil suit filed by Krein after he was injured in an attack by a fellow inmate. Krein brought suit under 42 U.S.C. § 1983 and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution against various officials and staff directly employed by the ADC. In his amended complaint, Krein claimed that defendants violated his rights by failing to maintain adequate security within the prison and by failing to provide him with medical treatment.

While Plaintiff's motion to extend the discovery deadline was apparently pending, defendants filed a motion for summary judgment arguing, in relevant part, that they were entitled to qualified immunity. In their supporting brief, defendants conceded that Krein had "stated a valid constitutional right for purposed [sic] of determining whether the defendants are entitled to qualified immunity." (Appellants' Appendix at 23). They also acknowledged that "[c]learly established law states that plaintiff has a right to be free from being incarcerated under conditions posing a serious risk of harm." (Appellant's Appendix at 24).

The magistrate judge's report recommended, inter alia, that the defendants' motion be granted with respect to Krein's medical treatment claim against them. With respect to Krein's inadequate security claim, however, the magistrate recommended that defendants' motion be denied, concluding that a genuine issue of material fact rendered

---

[2]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

summary judgment on the merits inappropriate as to defendants Norris, Guntharp, May, Belkins, Perry, Killian, Beatty, and Goggins. Separately, the magistrate specifically addressed defendants' qualified immunity defense in the context of the inadequate security claim:

> With respect to defendants' claim that they are protected from liability by qualified immunity, the Court disagrees <u>at this point</u>. Defendants claim that plaintiff fails to allege a proper constitutional violation, and that since defendants were unaware of danger posed by inmate Pruett, that their conduct did not violate any clearly established right. However, while the Court earlier acknowledged the fact that no one anticipated harm from that particular inmate directed toward plaintiff, a material dispute of fact exists concerning whether defendants should have been aware based on Pruett's violent history and recent disciplinary conviction, and whether certain court-mandated staffing numbers were disregarded. Therefore, in light of this dispute, the Court is <u>unable to determine, at this juncture</u> that defendants' conduct did not violate plaintiff's clearly-established right to remain free from harm.

<u>Krein v. Norris</u>, No. 98-CV-00124-HLJ, slip op. at 5 (E.D. Ark. May 9, 2000) (Proposed Findings and Recommendation) (emphasis added). The district court adopted the magistrate's report and recommendation and denied defendants' motion with respect to Krein's inadequate security claim. The defendants now appeal.

## II. DISCUSSION

In this case, the parties assume that the district court denied defendants' claim of qualified immunity as to Krein's inadequate security claim. A review of the record reveals, however, that the court did not decide the question of a qualified immunity defense to that claim. Because the district court did not deny qualified immunity, we may lack jurisdiction over this interlocutory appeal. Appellee Krein has raised the issue of our jurisdiction over this appeal, but not for this particular reason. Although

-4-

the parties have not raised this particular issue, "every federal appellate court has a special obligation to consider its own jurisdiction. In fact, jurisdiction issues will be raised sua sponte by a federal court when there is an indication that jurisdiction is lacking, even if the parties concede the issue." Thomas v. Bashim 931 F.2d 521, 522-523 (8th Cir.1991) (internal citations omitted). We must, therefore, address sua sponte whether we have jurisdiction over this appeal.

In resolving this issue we first determine whether the district court's order contains a specific, final decision that conclusively denies to appellants the defense of qualified immunity. The general rule is that courts of appeals may hear appeals from "final decisions" of federal district courts. 28 U.S.C. § 1291. Usually, a denial of summary judgment is not treated as final and cannot be appealed until the conclusion of the case on the merits because "[t]he requirement of finality precludes consideration of decisions that are subject to revision, and even of 'fully consummated decisions [that] are but steps towards final judgment in which they will merge.'" Behrens v. Pelletier, 516 U.S. 299, 305 (1996) (alteration in original) (quoting Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949)).

Under the collateral order doctrine, an otherwise non-final order is deemed final for purposes of appeal only if the order "(1) conclusively determine[s] the disputed question, (2) resolve[s] an important issue completely separate from the merits of the action, and (3) [is] effectively unreviewable on appeal from a final judgment." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (citation omitted). Jurisdiction over an interlocutory appeal from this "small class" of orders is the exception, not the rule. See Cantu v. Rocha, 77 F.3d 795, 802 (5th Cir.1996). More specifically, in Shannon v. White, 992 F.2d 791, 792-93 (8th Cir.1993), we acknowledged that

> [a]lthough interlocutory appeals are generally not allowed, a denial of a claim of qualified immunity is immediately appealable. Mitchell v.

Forsyth, 472 U.S. 511, 530 (1985). However, when the order appealed from does not decide the issue of qualified immunity, this court lacks jurisdiction over the appeal . . . .

See also Washington v. Wilson, 46 F.3d 39, 41 (8th Cir.1995); Jones v. Coonce, 7 F.3d 1359, 1365 (8th Cir. 1993); Moutray v. Butts, 985 F.2d 426, 427 (8th Cir.1993).

Defendants' argument presupposes that the magistrate denied their qualified immunity defense, and that the district court adopted this "recommendation" in its subsequent order. However, the record does not reveal a decision conclusively resolving defendants' claim to qualified immunity. The magistrate's repeated use of qualifying phrases such as "at this point" and "at this juncture" evinces the tentative and inconclusive disposition of the magistrate concerning the issue of defendants' qualified immunity. We conclude that here, as in Craft v. Wipf, 810 F.2d 170, 173 (8th Cir.1987), "[t]he District Court in this case simply did not rule on the qualified immunity issue."

Similarly, our review of the record provides no reason to infer that the district court intended to postpone or otherwise refuse to rule on the issue of defendants' qualified immunity defense until trial. In Craft, we determined that the district court's denial of defendants' motion for summary judgment constituted an implied refusal to rule prior to trial. We observed that a reference to "the plaintiff's day in court" in the district court's opinion signaled an intention not to decide the immunity issue before trial. Id. at 173. Here, we find nothing suggesting any such intention on the part of the district court.

We are mindful of the fact that the Supreme Court has repeatedly emphasized that qualified immunity should be determined at the earliest possible stage in litigation. See, e.g., Hunter v. Bryant, 502 U.S. 224, 227 (1991). However,

[t]his does not mean . . . that courts may always decide questions of qualified immunity on summary judgment. . . . Where there is a genuine issue of material fact surrounding the question of plaintiff's [or defendants'] conduct, we cannot determine, as a matter of law, what predicate facts exist to decide whether or not the officer's conduct clearly violated established law.

Arnott v. Mataya, 995 F.2d 121, 124 (8th Cir.1993). Cf. Brown v. Nix, 33 F.3d 951, 953 (8th Cir.1994) (finding district court erred in not ruling on qualified immunity defense where no dispute existed as to the material facts).

Overall, we are satisfied that the record before us evinces neither the need, nor the opportunity, to read into the proceedings any kind of an implied denial of the qualified immunity defense as having been incorporated into the order denying defendants of summary judgment on the merits. As such, we do not find in the district court's order a final decision -- express or implied -- conclusively deciding the qualified immunity question. Additionally, to conclude that the proceedings below constituted a refusal or impermissible postponement in ruling on the issue would be untenable against the record on its face. Under the present circumstances, remanding the issue for timely resolution is appropriate. See Robinson v. Mericle, 56 F.3d 946, 947 (8th Cir.1995) (concluding that remand is appropriate where district court did not rule on issue of qualified immunity under appeal); Parton v. Ashcroft, 16 F.3d 226, 228 (8th Cir.1994) (same).

## III. CONCLUSION

Because there has been no decision, conclusive or otherwise, rendered below on the disputed question of qualified immunity, the defendants' appeal is premature. Accordingly, we remand to the district court for further proceedings.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.