# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1394

_____

| | | |
|---|---|---|
| Henryk Szwedo, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| State of Arkansas; Arkansas | * | Eastern District of Arkansas |
| Department of Health; Mike Foreman; | * | |
| Peter Guresky; Sandra B. Nichols, M.D., | * | |
| Director, | * | |
| | * | |
| Appellants. | * | |

_____

Submitted: November 16, 2001

Filed: April 4, 2002

_____

Before McMILLIAN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and
NANGLE,[1] District Judge.

_____

McMILLIAN, Circuit Judge.

Henryk Szwedo brought this action in the district court for the Eastern District of Arkansas against the State of Arkansas, the Arkansas Department of Health, and his former coworkers at the Arkansas Department of Health, alleging that he was

---

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

terminated due to national origin discrimination and retaliation, and asserting violations of the Arkansas Civil Rights Act of 1993 and the tort of outrage. The defendants moved for summary judgment on the merits and on numerous affirmative defenses, including qualified immunity. The district court granted the defendants' motion in part and denied it in part. Szwedo v. Arkansas, No. 4:98CV00358 (E.D. Ark. Jan. 29, 2001). The district court dismissed the claims of retaliation, the Arkansas Civil Rights Act violations, and the tort of outrage, and dismissed the former coworkers as defendants. See id. at 9. The district court did not address the qualified immunity defense.

The defendants brought the present appeal asserting jurisdiction based on 28 U.S.C. § 1291 and the collateral order doctrine, which allow a party to immediately appeal from the denial of summary judgment on qualified immunity grounds. Upon review, however, we conclude that because the district court did not address the qualified immunity defense, it did not enter a final appealable order with respect to qualified immunity to confer appellate jurisdiction. See Jones v. Coonce, 7 F.3d 1359, 1365 (8th Cir. 1993) ("When the order appealed from does not decide the issue of qualified immunity, this court lacks jurisdiction to decide it."); Moutray v. Butts, 985 F.2d 426, 427 (8th Cir.), cert. denied, 510 U.S. 817 (1993) (dismissing appeal from denial of summary judgment on qualified immunity grounds for lack of jurisdiction because district court's order dealt with summary judgment only as to merits and did not discuss qualified immunity). Accordingly, we dismiss this appeal for lack of jurisdiction.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.